# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**GARY LEON WEBSTER**                                                                                     **PLAINTIFF**
**ADC #114018**

V.                                       Case No. 3:22-cv-00052-LPR

**KAYLEN SUZANNE LEWIS,**
**Associate Attorney,** *et al.*                                                                          **DEFENDANTS**

### ORDER

The Court withdraws the reference.

On March 1, 2022, Gary Leon Webster, who is currently an inmate in the Tucker Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint[1] and a Motion for Leave to Proceed *in forma pauperis*.[2]

A prisoner who has had at least three of his prior *in forma pauperis* cases dismissed for failing to state a claim, or for alleging frivolous or malicious matters, may only proceed with another *in forma pauperis* action if his claims demonstrate he is "under imminent danger of serious physical injury" at the time he initiates the action.[3] Before he initiated this lawsuit, Mr. Webster had at least nineteen cases that were dismissed on one of the grounds that qualify under the so-called "three strikes rule" created by 28 U.S.C. § 1915(g).[4]

---

[1] Compl. (Doc. 2).

[2] Mot. for Leave to Proceed *in forma pauperis* (Doc. 1).

[3] 28 U.S.C. § 1915(g).

[4] *See Webster v. Flynn*, No. 5:19-cv-00312-KGB (E.D. Ark. Feb. 18, 2020); *Webster v. Lusby*, No. 3:19-cv-00116-KGB (E.D. Ark. Feb. 18, 2020); *Webster v. St. Bernard's Hospital*, No. 3:19-cv-00084-KGB (E.D. Ark. Feb. 18, 2020); *Webster v. Does*, No. 3:19-cv-00093-DPM (E.D. Ark. July 24, 2019); *Webster v. Henry*, No. 3:19-cv-00112-DPM (E.D. Ark. July 24, 2019); *Webster v. Miles*, No. 3:19-cv-00157-DPM (E.D. Ark. July 24, 2019); *Webster v. Sun Newspaper*, No. 3:19-cv-00089-KGB (E.D. Ark. July 16, 2019); *Webster v. Doe*, No. 3:19-cv-00098-DPM (E.D. Ark. June 26, 2019); *Webster v. City of Jonesboro*, No. 3:19-cv-00132-DPM (E.D. Ark. June 14, 2019); *Webster v.*

*Doe*, No. 3:19-cv-00110-DPM (E.D. Ark. June 14, 2019); *Webster v. Doe*, No. 3:19-cv-00111-DPM (E.D. Ark. June 14, 2019); *Webster v. Rhodes*, No. 3:19-cv-00092-DPM (E.D. Ark. June 14, 2019); *Webster v. Brown*, No. 3:19-cv-00087-DPM (E.D. Ark. June 14, 2019); *Webster v. Does*, No. 3:19-cv-00059-DPM (E.D. Ark. June 13, 2019); *Webster v. Pigg*, No. 3:19-cv-00060-DPM (E.D. Ark. June 13, 2019); *Webster v. Days Inn Motels Inc.*, No. 3:19-cv-00078-DPM (E.D. Ark. June 13, 2019); *Webster v. Wal-Mart Stores, Inc.*, No. 3:19-cv-00083-DPM (E.D. Ark. June 13, 2019); *Webster v. St. Bernard's Hospital*, No. 3:19-cv-00094-BSM (E.D. Ark. May 17, 2019); *Webster v. Tate*, No. 3:19-cv-00088-BSM (E.D. Ark. May 17, 2019).

In addition to this case and the nineteen "strikes" listed above, Webster has filed sixty-three cases in the Eastern District of Arkansas since 2019, the vast majority of which were dismissed upon a finding of no imminent danger. *See Webster v. Doe*, No. 3:22-cv-00083-DPM (E.D. Ark. April 13, 2022) (date listed is the case's termination date unless otherwise stated); *Webster v. Conrad*, No. 3:22-cv-00084-DPM (E.D. Ark. April 13, 2022); *Webster v. Talley*, No. 3:22-cv-00088-BSM (E.D. Ark. April 5, 2022); *Webster v. Bearce*, No. 3:22-cv-00089-BSM (E.D. Ark. April 1, 2022); *Webster v. Southland Gaming & Racing*, No. 2:22-cv-00050-BSM (E.D. Ark. Mar. 30, 2022); *Webster v. Perrin*, No. 3:22-cv-00066-LPR (E.D. Ark. Mar. 30, 2022); *Webster v. Ward*, No. 3:22-cv-00067-LPR (E.D. Ark. Mar. 30, 2022); *Webster v. Pigg*, No. 3:22-cv-00071-BSM (E.D. Ark. Mar. 30, 2022); *Webster v. Flynn*, No. 3:22-cv-00086-DPM-JJV (E.D. Ark. Mar. 28, 2022) (date filed); *Webster v. Tate*, No. 3:22-cv-00074-KGB (E.D. Ark. Mar. 25, 2022) (date filed); *Webster v. Judicial Conference of the U.S.*, No. 3:22-cv-00043-KGB (E.D. Ark. Mar. 16, 2022); *Webster v. Shi*, No. 4:22-cv-00073-KGB (E.D. Ark. Mar. 16, 2022); *Webster v. Smith*, No. 3:22-cv-00049-BSM (E.D. Ark. Mar. 10, 2022); *Webster v. Hill*, No. 4:22-cv-00212-KGB (E.D. Ark. Mar. 8, 2022); *Webster v. Rhodes*, No. 4:22-cv-00171-BRW (E.D. Ark. Feb. 25, 2022); *Webster v. Ark. Dept. Corr.*, No. 3:21-cv-00114-KGB (E.D. Ark. Feb. 7, 2022); *Webster v. Hutchinson*, No. 3:22-cv-00012-DPM (E.D. Ark. Jan 31, 2022); *Webster v. Rutledge*, No. 4:21-cv-01229-LPR (E.D. Ark. Jan. 4, 2022); *Webster v. Does*, No. 4:21-cv-01188-JM (E.D. Ark. Dec. 8, 2021); *Webster v. Stubblefield*, No. 3:21-cv-00173-BSM (E.D. Ark. Aug. 31, 2021); *Webster v. Payne*, No. 4:21-cv-00678-BSM (E.D. Ark. July 28, 2021); *Webster v. Covax*, No. 3:21-cv-00095-LPR (E.D. Ark. June 25, 2021); *Webster v. Southland Gaming & Racing*, No. 3:21-cv-00090-JM (E.D. Ark. May 10, 2021); *Webster v. Walensky*, No. 4:21-cv-00324-JM (E.D. Ark. April 22, 2021); *Webster v. Mid South Health Systems*, No. 3:21-cv-00065-DPM (E.D. Ark. April 6, 2021); *Webster v. Astrazeneca Pharma,* No. 4:21-cv-00264-BRW (E.D. Ark. April 6, 2021); *Webster v. Center for Disease Control*, No. 3:21-cv-00058-DPM (E.D. Ark. Mar. 24, 2021); *Webster v. Rhodes*, No. 3:20-cv-00397-KGB (E.D. Ark. Feb. 8, 2021); *Webster v. Nupp*, No. 3:21-cv-00029-DPM (E.D. Ark. Feb. 2, 2021); *Webster v. Henry*, No. 3:21-cv-00003-DPM (E.D. Ark. Jan. 5, 2021); *Webster v. Ward*, No. 3:20-cv-00406-KGB (E.D. Ark. Dec. 23, 2020); *Webster v. St. Bernard's Hospital*, No. 3:20-cv-00412-LPR (E.D. Ark. Dec. 22, 2020); *Webster v. Smith*, No. 3:20-cv-00362-BSM (E.D. Ark. Nov. 10, 2020); *Webster v. Arkansas*, No. 3:20-cv-00065-BSM (E.D. Ark. Nov. 2, 2020); *Webster v. Jones*, No. 3:20-cv-00325-LPR (E.D. Ark. Nov. 2, 2020); *Webster v. Doe*, No. 4:20-cv-01232-KGB (E.D. Ark. Oct. 21, 2020); *Webster v. Perrin*, No. 3:20-cv-00235-BSM (E.D. Ark. Sept. 30, 2020); *Webster v. Jones*, No. 3:19-cv-00385-BSM (E.D. Ark. July 8, 2020); *Webster v. Colloton*, No. 4:20-cv-00544-DPM (E.D. Ark. May 22, 2020); *Webster v. Arkansas*, No. 4:20-cv-00168-BSM (E.D. Ark. May 8, 2020); *Webster v. Boyd*, No. 3:20-cv-00066-BSM (E.D. Ark. Mar. 30, 2020); *Webster v. Henry*, No. 3:20-cv-00094-DPM (E.D. Ark. Mar. 27, 2020); *Webster v. Doe*, No. 3:20-cv-00020-BSM (E.D. Ark. Mar. 23, 2020); *Webster v. Honeycutt*, No. 3:20-cv-00084-DPM (E.D. Ark. Mar. 20, 2020); *Webster v. KAIT Channel 8 Television Station*, No. 3:20-cv-00016-LPR (E.D. Ark. Feb. 26, 2020); *Webster v. Conrad*, No. 3:20-cv-00048-DPM (E.D. Ark. Feb. 12, 2020); *Webster v. Jones*, No. 3:19-cv-00374-DPM (E.D. Ark. Jan. 1, 2020); *Webster v. Digby*, No. 4:19-cv-00947-LPR (E.D. Ark. Jan. 1, 2020); *Webster v. City of West Memphis*, No. 2:19-cv-00151-LPR (E.D. Ark. Dec. 4, 2019); *Webster v. Ebbert*, No. 3:19-cv-00272-LPR (E.D. Ark. Nov. 26, 2019); *Webster v. Sailor*, No. 3:19-cv-00332-BSM (E.D. Ark. Nov. 25, 2019); *Webster v. Ward*, No. 3:19-cv-00333-DPM (E.D. Ark. Nov. 19, 2019); *Webster v. Flynn*, No. 5:19-cv-00312-DPM (E.D. Ark. Oct. 30, 2019); *Webster v. Platinum Properties of NEA LLC*, No. 3:19-cv-00202-DPM (E.D. Ark. July 24, 2019); *Webster v. Tanner*, No. 3:19-cv-00206-BSM (E.D. Ark. July 23, 2019); *Webster v. Doe*, 3:19-cv-00185-DPM (E.D. Ark. June 27, 2019); *Webster v. Ebbert*, No. 3:19-cv-00079-JM (E.D. Ark. June 17, 2019); *Webster v. Doe*, 3:19-cv-00128-DPM (E.D. Ark. June 14, 2019); *Webster v. Honeycutt*, No. 3:19-cv-00043-DPM (E.D. Ark. April 16, 2019); *Webster v. Ward*, No. 3:19-cv-00045-DPM (E.D. Ark. April 16, 2019); *Webster v. Rhinehardt*, No. 3:19-cv-00051-DPM (E.D. Ark. April 16, 2019); *Webster v. Kayja*, No. 3:19-cv-00055-DPM (E.D. Ark. April 16, 2019); and *Webster v. Sailor*, No. 3:19-cv-00057-DPM (E.D. Ark. Mar. 18, 2019).

In his Complaint, Mr. Webster alleges a frivolous and malicious conspiracy claim against Keith Bowers ("Bowers"), the Administrator of the Craighead County Detention Facility ("CCDF"), CCDF Deputy Fears ("Fears"), CCDF Deputy McCollough ("McCollough"), and Kaylen Lewis ("Lewis"), the attorney who successfully represented other CCDF deputies (Deputies Gibson and Becker) in one of Mr. Webster's many other lawsuits.[5] Liberally construing Mr. Webster's allegations, he asserts that, in *Webster I*, Lewis wrongfully moved for and obtained a "summary judgment" on behalf of Deputies Gibson and Becker, despite supposedly knowing, along with Bowers, Fears, and McCollough, that the record in *Webster I* contained genuine issues of disputed fact about whether "written grievances" were made available to Mr. Webster.

To support this far-fetched conspiracy of silence, Mr. Webster attempts to manufacture a genuine issue of disputed fact by noting that Bowers's *sworn affidavit* in *Webster I* stated that "written grievances [were made] available" to Mr. Webster, while Fears and McCollough allegedly "told him" no written grievance forms were available for him to use to exhaust the claims he later raised in *Webster I*.[6] Even if Fears and McCollough made those unsworn hearsay statements to Mr. Webster, the proper time and place for him to raise and develop that issue was in his response to the motion for summary judgment in *Webster I*. It is now far too late for Mr.

---

[5] Mr. Webster does not identify by case number or case caption the specific underlying lawsuit giving rise to the derivative conspiracy claim that he is asserting against the Defendants in this action. However, after reviewing Mr. Webster's litigation history, *Webster v. Boyd*, Case No. 3:18-cv-00248-JTK (*Webster I*), appears to be the case that spawned the conspiracy claims that he is asserting in this action. In that case, Defendants filed and prevailed on a motion for summary judgment based on Mr. Webster failing to exhaust his administrative remedies on the claims that he was asserting against Deputies Gibson and Becker. *Webster I* (Docs. 45, 54). In support of that motion, Defendants relied on an affidavit from CCDF Jail Administrator Bowers, who represented that: "Craighead County Detention Center does have a Grievance Procedure and [Mr. Webster] utilized it during his incarceration." *Webster I*, Bowers Aff. (Doc. 47-1) ¶ 5.

[6] Compl. (Doc. 2) at 4.

Webster to raise those unsworn hearsay statements to support the facially implausible and frivolous conspiracy claim he is alleging against Lewis, Bowers, Fears, and McCollough in this action.[7]

Finally, Mr. Webster has made it abundantly clear that he is willing to go to extraordinary lengths to pursue frivolous litigation solely to harass and vex the named defendants—not to mention the judges to whom his cases are assigned. For just one example, in *Webster I*, United States Magistrate Judge Jerome Kearney concluded that (1) summary judgment was proper as to Mr. Webster's claims for excessive force, wrongful placement on suicide watch, and deprivation of his glasses because Mr. Webster had failed to exhaust his administrative remedies,[8] and (2) summary judgment was proper as to Mr. Webster's remaining claims because Mr. Webster failed to allege any facts to support those claims.[9] On February 5, 2020, Mr. Webster filed a Notice of Appeal.[10] On May 15, 2020, the Court of Appeals for the Eighth Circuit dismissed Mr. Webster's appeal because, by the time he initiated the appeal, he was a "three-striker" and there was no evidence he was in "imminent danger of serious physical injury."[11] On July 14, 2020, the Eighth Circuit denied Mr. Webster's petition for rehearing as untimely.[12]

---

[7] As previously noted, Mr. Webster is currently incarcerated in the Tucker Unit of the ADC. Thus, there is no plausible basis to believe the alleged conspiracy claim, which arose while Mr. Webster was a prisoner in the CCDF, places him in any "imminent danger of serious physical injury" in the Tucker Unit. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (The imminent danger exception applies only when a prisoner presents "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury").

[8] *Webster I*, Memorandum and Order (Doc. 54) at 5.

[9] *Webster I*, Memorandum and Order (Doc. 69) at 1, 5. At the time Judge Kearney entered his Order granting summary judgment, Mr. Webster had not yet been adjudicated a "three striker." Accordingly, Judge Kearney was not required to consider whether Mr. Webster was in "imminent danger" when he initiated that action.

[10] *Webster I*, Notice of Appeal (Doc. 75).

[11] *Webster I*, Eighth Circuit Judgment (Doc. 80).

[12] *Webster I*, Eighth Circuit Order (Doc. 82).

Despite the decision in *Webster I* being final and thus entitled to *res judicata*, Mr. Webster continued to paper Judge Kearney's docket with frivolous motions. On January 11, 2021, he filed a request to "rescind the allowance to have the magistrate judge decide the case."[13] On March 24, 2021, he filed an "objection," in which he nonsensically raised arguments regarding "immunity from the city" and "malice."[14] On September 16, 2021, he filed a motion to vacate Judge Kearney's order granting summary judgment. On October 20, 2021, he moved to appeal Judge Kearney's decision to the district court.[15] After Judge Kearney denied the motion to appeal, Mr. Webster filed a Notice of Appeal to the Eighth Circuit on February 22, 2022, which remains pending.[16] Finally, on March 1, 2022, Mr. Webster initiated this action, which is nothing more than a collateral attack on Judge Kearney's now final decision in *Webster I*.

Since June of 2019, Mr. Webster has filed over eighty *pro se* § 1983 cases in the Eastern District of Arkansas. Counting this case, twenty of those cases have been dismissed on grounds that qualify for designating Mr. Webster as a three-striker under 28 U.S.C. § 1915(g). Having demonstrated beyond any doubt that he is a serial vexatious litigant, this Order serves as FINAL NOTICE that:

> *If Mr. Webster files another pro se action that is later dismissed because it is frivolous, malicious, or fails to state a claim for relief, his name will be placed on the "restricted filer list."*[17] *Thereafter, the Clerk of the Court will no longer file any*

---

[13] *Webster I*, Notice (Doc. 83).

[14] *Webster I*, Objections (Doc. 84).

[15] *Webster I*, Appeal of Magistrate Judge Decision to District Court (Doc. 87).

[16] *Webster I*, Notice of Appeal (Doc. 89).

[17] To conserve judicial resources and protect parties from frivolous and malicious litigation, courts have the inherit authority to place litigants with a documented history of vexatious filings on a restricted filers list. *See Fredin v.*

*of Mr. Webster's pro se cases, without first receiving prior approval from the Judge to whom the case is assigned.*

IT IS THEREFORE ORDERED THAT:

1. Mr. Webster's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is DENIED.

2. Mr. Webster's Complaint is DISMISSED, without prejudice.

3. The Court recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g) and certifies that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 6th day of June 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

*Middlecamp*, 855 F. App'x 314 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 1417 (2022); *Stebbins v. Stebbins*, 575 F. App'x. 705 (8th Cir. 2014); *In re Tyler*, 839 F.2d 1290 (8th Cir. 1988).